**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF MISSISSIPPI**
**DELTA DIVISION**

**ELREKIKO KING,** **PETITIONER**

**V.** **NO. 2:03CR079-GHD**

**UNITED STATES OF AMERICA,** **RESPONDENT**

## MEMORANDUM OPINION

Presently before the court is Elrekiko King's, a *pro se* federal inmate, § 2255 motion in which he is seeking to vacate or reduce his sentence. The government has responded and the Petitioner replied. This matter is now ripe for resolution.

*A. Factual and Procedural Background*

King was charged, along with two codefendants, in a three-count indictment. Specifically, King was charged with conspiring to possess with intent to distribute in excess of 1000 kilograms of marijuana, and conspiring to possess with intent to distribute in excess of 50 kilograms of marijuana.[1] With the assistance of his retained counsel, King agreed to plead guilty to the lessor offense of possession with intent to distribute in excess of 50 kilograms of marijuana in violation of 21 U.S.C. § 841 (b)(1)(C) carrying a maximum possible sentence of twenty years imprisonment. The remaining counts were dismissed. The plea agreement warned that there was no agreement as to the sentence to be imposed but such decision was the discretion of the judge and subject to the Federal Sentencing Guidelines.

On July 31, 2003, King appeared before the court and offered a his plea of guilt in accordance with the plea agreement. The court advised King of the maximum possible sentence and the applicability of the Sentencing Guidelines. A presentence report ("PSR") was prepared. King's

[1] Count three charged a codefendant with carrying a firearm in relation to drug trafficking.

counsel objected to a conviction which was mistakenly listed in the report. The conviction was removed and the PSR corrected. There were no unresolved objections to the PSR. The PSR indicated that King's sentencing range was 70 to 87 months based on a total offense level of 27 and a criminal history category of I.

On November 13, 2003, after granting the Government's motion for downward departure, Petitioner was sentenced to 46 months of incarceration to be followed by three years of supervised release. Petitioner appealed his sentence which the Fifth Circuit Court of Appeals affirmed on June 22, 2004. *U.S. v. King*, No. 03-61008, 2004 WL 1399211 (5th Cir. June 22, 2004). While his appeal was pending, Petitioner filed the instant motion to vacate his sentence setting forth six identified grounds for relief which the court has distilled into three arguments. Petitioner argues that he was denied effective assistance of counsel because:

Ground One: counsel did not object to the quantity of drugs used to calculate his sentence;

Ground Two: the downward departure he received was unreasonable compared to a codefendant's downward departure; and

Ground Three: counsel failed to object to a conviction erroneously listed in the PSR.

*B. Discussion*

In order to demonstrative ineffective assistance of counsel, a defendant must satisfy the two part test of *Strickland v. Washington*, 466 U.S. 668, 687 (9184):

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

A petitioner must satisfy both prongs of the *Strickland* test to succeed. *Id.* at 687. To show that counsel's performance was deficient, the defendant "must identify the acts or omissions of counsel that are alleged not to have been the result of reasonable judgment." *Id.* at 690. The court must

"indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance," and it is the petitioner's burden to overcome that presumption. *Id.* at 689. As long as the defendant understood the length of time he might possibly receive in his sentence, he was fully aware of his plea consequences then his guilty plea was not unknowing or involuntarily, even if he received erroneous advice of counsel regarding the sentence likely to be imposed. *U.S. v. Sana Lucia*, 991 F.2d 179, 180 (5th Cir. 1993).

Ground One

Petitioner contends that his counsel should have objected to the drug quantity used to calculate his sentence. He bizarrely and erroneously concludes that his sentence should have been determined by 21 U.S.C. § 841(b)(1)(B). Petitioner's argument is based on a misunderstanding of the statutory charges and correlated penalties.

As noted above, Petitioner pled guilty to possessing with intent to distribute in excess of 50 kilograms of marijuana in violation of § 841(b)(1)(C) which has no minimum sentence but does contain a maximum penalty of not more than 20 years imprisonment. In contrast, § 841(b)(1)(B) carries a minimum sentence of five years but not more than 40 years. Despite repeated reviews of Petitioner's submissions to the court, the logic of this argument remains illusive. Had Petitioner been sentence under § 841(b)(1)(B) he would have been exposed to the possibility of a much greater sentence and would have been required to serve at least five years. He was instead sentenced to less than four years imprisonment.

Petitioner's argument is simply illogical. Accordingly, his counsel did not err by failing to object to the sentence imposed pursuant to § 841(b)(1)(C). To the contrary, Petitioner's sentence was substantially reduced, in part, because of the competent assistance he received from his attorney. Therefore, Ground One has no merit and is denied.

Ground Two

Next, Petitioner avers that the downward departure he received was unreasonable compared to the downward departure his codefendant received. Petitioner's sentence was reduced 24 months below the recommended sentencing range. Petitioner's codefendant, who was sentenced to a much longer term of imprisonment, received a 48 month reduction. The argument, however, has no legal basis.

A sentencing court has almost complete discretion regarding whether or not to grant a motion for downward departure and also as to how much to depart. *U.S. v. Grant*, 493 F.3d 464, 467 (5th Cir. 2007). The only basis to challenge the extent of a downward departure is whether it was in violation of the law. *U.S. v. Hashimoto*, 193 F.3d 840, 843 (5th Cir. 1999). Petitioner has asserted nothing more than his dissatisfaction with the sentence reduction he received. He has not alleged that the court violated the law. Therefore, his counsel could not be considered deficient for not objecting to the extent of the downward departure. Petitioner's argument is, thus, meritless.

Ground Three

Lastly, Petitioner alleges that counsel was ineffective for failing to object to a conviction contained in the PSR. Petitioner argues that this failure resulted in a greater sentence than should have been imposed. Once again Petitioner is misinformed.

As discussed above, the PSR originally attributed to Petitioner a conviction that was not his. Counsel objected and the conviction was removed. The conviction that was listed in err was not used to calculate Petitioner's criminal history category or his sentence. Accordingly, his attorney appropriately performed his duty. Petitioner's argument is contradicted by the record and Ground Three is denied.

*C. Conclusion*

Consistent with the foregoing discussion Petitioner's § 2255 motion shall be denied in all respects.[2]

A final judgment in accordance with this opinion will be entered.

THIS the 1st day of November, 2007.

/s/ Glen H. Davidson
Senior Judge

[2] Finally, while this motion was pending, Petitioner was released from confinement on September 1, 2006. His release also renders these claims moot. *See Spencer v. Kemna*, 523 U.S. 1, 7, 118 S.Ct. 978, 140 L.Ed.2d 43 (1998).